FILED
2016 Sep-09 PM 05:40
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT "F"

ELECTRONICALLY FILED
4/10/2014 8:38 AM
01-SM-2014-901971.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

# IN THE SMALL CLAIMS COURT OF JEFFERSON COUNTY, ALABAMA

**MIDLAND FUNDING LLC**
**Plaintiff,**                                                                )
    v.                                                                       )

**THERA HAMILTON,**

**Defendant.**

## COMPLAINT

Plaintiff, MIDLAND FUNDING LLC, hereinafter "Midland", and claims of the Defendants, $2960.10 plus costs of this action. As grounds therefore the Plaintiff shows as follows:

### SERVICE

1. The Defendant(s) may be served at:

THERA HAMILTON



### VENUE

2. Venue of this action is proper in the county named above as the Defendant(s) are believed to be located and living in said county at the time of commencement of suit.

### FACTS

3. Midland is the successor in interest to CHASE BANK USA, N.A., hereinafter "Assignor", and was assigned all right, title and interest in the account and its records for the below identified account which records have been incorporated into the business records of Midland. Assignor provided a credit card with account number ending in 3207 to the Defendant(s) in response to an application for a credit card made on or about 02/06/05.

4. The Defendant(s) used the card to purchase goods from merchants; and/or services from vendors; and or to receive cash advances against the available credit line.

5. The Defendant(s) defaulted under the agreement by failing to remit payment when due.

6. Assignor mailed regular statements to Defendant(s) as activities occurred on the account. Those statements reflected the activity on the account as of the date of the statement closing date. Each statement showed the amount due as of the closing date shown on the statement.

7. The account was charged off to loss on or about 12/31/09.

215400.371. 02/24/14

8. Through its undersigned attorney, Midland has demanded payment from Defendant(s), but Defendant(s) have not satisfied such demand.

9. Midland has performed all conditions precedent to the filing of this action, or all such conditions precedent have occurred.

### COUNT ONE - BREACH OF CONTRACT

10. The Parties had an agreement wherein, Assignor agreed to pay merchants or vendors, on behalf of the Defendant(s) and in advance, for certain purchases of goods or services, as authorized under the credit agreement or permit the Defendant(s) to draw cash advances directly from against the available credit line. Assignor performed under the agreement by paying such merchants and/or vendors and/or permitting such cash advances. The Defendant(s) were obligated under the terms of the credit agreement to repay those sums paid by Assignor to those merchants and/or vendors as well as any sum provided as a cash advance against the available line of credit; along with any interest or finance charges due under the agreement.

11. The Defendant(s) breached the agreement by failing to remit payment when due. This breach caused Assignor to suffer damages in the amount due on the credit account. Assignor assigned its right to seek remedy for those damages to Midland.

### COUNT TWO - ACCOUNT STATED

12. In the alternative and without waiving, and incorporating by reference the amounts claimed in the foregoing, Midland asserts that Defendants' use of the credit card to purchase goods and services represented a periodic account, for which Assignor rendered monthly statements to Defendants.

13. Plaintiff reserves the right to assert other claims and/or add other parties as may be later discovered during the course of the proceeding.

**WHEREFORE**, premises considered, Midland prays that this Honorable Court enter judgment against the Defendants as follows:

    a.    $2960.10 which is the principal balance due on the account.

    b.    All costs of court; and

    c.    All such other and further relief to which Plaintiff may be justly entitled.

/s/ Richard G. Moxley, III
Richard G. Moxley, III MOX001
Attorney for Plaintiff
Holloway & Moxley, LLP
Post Office Box 4953
Montgomery, AL 36103
334-834-9689

215400.371. 02/24/14